■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NELSON, Appellant. — Judgment insofar as it imposes sentence modified, as a matter of discretion in the interest of justice, and matter remitted to County Court, Cayuga County, for further proceedings in accordance with memorandum, and otherwise judgment affirmed. Memorandum: Defendant was convicted of the crime of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 2), a misdemeanor, and sentenced to serve one year in the Cayuga County Jail. Defendant has no prior criminal record. He has held teaching and research positions throughout the world, and his adult life has been marked by outstanding achievements in medical-scientific research endeavors. As a matter of discretion and in the interest of justice, the sentence is modified to three years probation, the first 60 days of which are to be served in Cayuga County Jail. The matter is remitted to Cayuga County Court for the purpose of fixing terms and conditions of probation (Penal Law, § 65.10). All concur, except Cardamone, J., who dissents and votes to affirm the judgment, in the following memorandum.

Cardamone, J. (dissenting). Appellant was convicted after a nonjury trial of driving while intoxicated and sentenced to be incarcerated for one year in the Cayuga County Jail. The 58-year-old appellant is a "brilliant" research medical doctor with a drinking problem. Married and divorced three times, in 1976 after spending the preceding six years in Montreal he returned to up-State New York to become director of a geriatric research center in Auburn. Appellant believes that his experience in that position which he describes as a "tragedy" led him to begin drinking. However, the record before the sentencing court refutes this and demonstrates that appellant's drinking problem antedated his return to New York. Evidence of this is derived from the legal history on Dr. Nelson's probation report which reveals a 1975 driving while intoxicated charge in Montreal. In any event, appellant states that after his return to New York State he sought treatment at Upstate Medical Center and at Clifton Springs Hospital for his alcoholism. Obviously the problem persisted for in July, 1979 he struck and killed a pedestrian under most egregious circumstances, amputating both of the victim's legs. A one-third full bottle of liquor in a paper bag was found the next day by a Sheriff's Deputy in appellant's sports car behind the driver's seat. A

breathalyzer test administered within about one hour after the accident revealed a blood alcohol content of .17%. A proper sentence is founded on the sound discretion of the trial court. In this case the same Judge who presided at appellant's nonjury trial was also the sentencing Judge. Appellant had been charged in a four-count indictment with manslaughter, second degree, criminally negligent homicide and two counts of driving while intoxicated. Appellant was found not guilty on three of these counts. The court having conducted the trial and rendered a verdict of guilty on one count of driving while intoxicated then proceeded to impose the sentence. Such a sentence should not be disturbed on appeal unless there is a clear abuse of discretion. Such abuse scarcely seems the case under the circumstances here in light of New York's strong public policy to remove intoxicated drivers from the highways (Vehicle and Traffic Law, § 510, subd 2, par b, as amd by L 1980, ch 806). Further, creating a tailor-made more palatable sentence for appellant on the implied assumption that his past services as a "humanitarian" entitle him to such special consideration serves only to reinforce a perception that sentencing is not evenhanded. Rather, from one as gifted as appellant more may justly be expected, not less. Since in my view there is no abuse by the sentencing court of its discretion, I dissent and vote to affirm. (Appeal from judgment of Cayuga County Court — driving while intoxicated.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.